## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLA POOL; CHRISTIAN McDUFFIE; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COLONEL ROBERT P. HODGES, in his official capacity as Superintendent of the Louisiana State Police, <br><br> Defendant. | Civil Action No.: |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF

COME NOW Plaintiffs Ella Pool; Christian McDuffie; and Firearms Policy Coalition, Inc. ("Plaintiffs"), by and through undersigned counsel, and allege as follows:

### INTRODUCTION

1.      "[T]he Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 8 (2022). This right presumptively "belongs to all Americans," not "an unspecified subset." *District of Columbia v. Heller*, 554 U.S. 570, 580, 581 (2008); *see also Reese v. BATFE*, 127 F.4th 583, 591 (5th Cir. 2025). On their eighteenth birthday, the Plaintiffs became legal adults for almost all purposes and certainly for the purpose of exercising their other constitutionally protected rights. They can vote, enter contracts, and get married. They can join the military to fight and die for their country. And as adults, there are no parents or other legal guardians generally responsible for their

1

care and protection. Yet the Louisiana laws challenged here prevent them from exercising their Second Amendment protected rights on par with all other adult Americans.

2.    In 2024, Louisiana enacted Senate Bill No. 1 ("SB 1"), which ostensibly allows every person in Louisiana to lawfully carry a concealed weapon in public without obtaining a permit from state authorities. SB 1, however, does not deliver on its broad promise given the State's pre-existing regulatory framework for concealed carry. Specifically, 18-to-20-year-old adults such as Plaintiffs Ella Pool and Christian McDuffie need a concealed handgun permit to qualify for an exemption from the general prohibition on carrying a firearm within 1,000 feet of a school imposed through Louisiana's firearm-free zone law and the federal Gun Free School Zones Act. 18 U.S.C. § 922(q)(2)(A). Louisiana residents aged 21 and over qualify for these permits, but Louisiana's permitting regime still purports to forbid Louisiana's 18-to-20-year-olds from obtaining such licensure, thereby denying Plaintiffs their "general right to public carry" in Louisiana. *Bruen*, 597 U.S. at 33.

3.    The Fifth Circuit has confirmed "that eighteen-to-twenty-year-olds were indeed part of 'the people' for Second Amendment purposes." *Reese*, 127 F.4th at 595. And there is no historical tradition that justifies treating such adults on discriminatory footing compared with adults over 21 years of age. *See Worth v. Jacobson*, 108 F.4th 677, 695–98 (8th Cir. 2024) (holding that Minnesota's 21-year-old age limit for carry licenses violated the Second Amendment); *Lara v. Comm'r Pa. State Police*, 125 F.4th 428 (3d Cir. 2025), cert. denied, 2026 WL 1871315 (June 30, 2026) (striking down Pennsylvania law prohibiting 18-to-20-year-old adults from openly carrying firearms during a state of emergency); *accord Reese*, 127 F.4th at 595–600 (holding unconstitutional the federal ban on selling handguns to 18-to-20-year-old adults).

4.    Louisiana's regulatory scheme prohibiting 18-to-20-year-old adults from obtaining concealed handgun permits violates the Second and Fourteenth Amendments. The Court should

2

enter a judgment that declares Louisiana's age requirement unconstitutional and enjoins Defendant (and all those under Defendant's supervision) from enforcing it.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, because this Complaint seeks relief afforded by 42 U.S.C. § 1983, for past, continuing, and/or imminent violations of Plaintiffs' rights arising under the United States Constitution.

6.    Venue is proper under 28 U.S.C. § 1391.

## THE PARTIES

9.    Plaintiff Ella Pool is 19 years old and lives in Lafayette, Louisiana. Plaintiff Pool desires to apply for a concealed handgun permit issued by the State of Louisiana and would do so if Louisiana permitted her to. Plaintiff Pool is prohibited from applying for a Louisiana concealed handgun permit because she is under 21 years of age. Plaintiff Pool has therefore been denied the right to carry a firearm in public for self-defense in Louisiana as she goes about her daily life because of the State's laws and regulatory scheme challenged herein. Apart from the age requirement, Plaintiff Pool satisfies all criteria for a Louisiana concealed handgun permit. Plaintiff Pool is a member of Firearms Policy Coalition, Inc. ("FPC").

10.    Plaintiff Christian McDuffie is 18 years old and lives in Youngsville, Louisiana. Plaintiff McDuffie desires to apply for a concealed handgun permit issued by the State of Louisiana and would do so if Louisiana permitted him to. Plaintiff McDuffie is prohibited from applying for a Louisiana concealed handgun permit because he is under 21 years of age. Plaintiff McDuffie has therefore been denied the right to carry a firearm in public for self-defense in Louisiana as he goes about his daily life because of the State's laws and regulatory scheme challenged herein. Apart from the age requirement, Plaintiff McDuffie satisfies all criteria for a Louisiana concealed handgun permit. Plaintiff McDuffie is a member of FPC.

11.     Plaintiff Firearms Policy Coalition, Inc. is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside the State of Louisiana. FPC brings this action on behalf of those members who are between 18 and 20 years of age and who are legally eligible to possess and acquire firearms and who wish to apply for a Louisiana concealed handgun permit. Each of the individual Plaintiffs is a member of FPC.

12.     Defendant Colonel Robert P. Hodges is the Superintendent of the Louisiana State Police. In that role, Colonel Hodges serves as the deputy secretary of public safety services of the Louisiana Department of Public Safety and Corrections and therefore responsible for issuing carry licenses under La. R.S. § 40:1379.3(A)(1). Defendant Hodges is sued in his official capacity.

**GENERAL ALLEGATIONS**

13.     In 2024, Louisiana enacted SB 1, which broadly authorizes individuals over the age of 18 to carry a concealed handgun in public without a permit throughout the State. SB 1 took effect July 4, 2024. SB 1's general protections extend to Plaintiffs Pool and McDuffie.

14.     Despite SB 1's embrace of a general right to carry absent a license, Louisiana still allows individuals to apply for a concealed handgun permit issued by the State of Louisiana. *See* La. R.S. § 40:1379.3. Louisiana requires, however, that "[t]o qualify for a concealed handgun permit," an applicant must "[b]e twenty-one years of age or older." § 40:1379.3(C)(4).

4

15.     Closing off the ability to obtain a concealed handgun permit has a real and practical effect on the constitutionally protected right to carry a firearm in public for self-defense. Louisiana law bars the carrying of concealed handguns in any "zone, or area in which firearms are banned by state or federal law." La. R.S. § 40:1379.3(M). Federal law bans possession of firearms within 1,000 feet of school grounds unless (among other exceptions) the individual possesses a concealed-carry license from the state in which the school is located. 18 U.S.C. §§ 921(a)(26), 922(q)(2)(A), (B)(ii). Louisiana has its own 1,000-foot radius rule, but generally excludes both permit-holders and persons "eighteen years of age or older … not prohibited from possessing a firearm under [state or federal prohibited persons laws]" who carry a concealed handgun. La. R.S. § 14:95.2(C)(9) (incorporating exception from La. R.S. § 14:95(M)). The net result is that Louisiana's exclusion of 18-to-20-year-olds from eligibility for a concealed handgun permit effectively bars them from carrying within 1,000 feet of a school under both state and federal law.[1]

16.     These 1,000-foot gun-free zones emanate from each and every school in the state,[2] making it impossible for those without carry permits to lawfully carry a firearm in the State to, through, and from any number of destinations. This prohibition includes merely passing through one of these zones. Based on publicly available data, there are more than 1300 elementary and secondary schools in the State.[3] Importantly, these 1000-foot gun-free zones are not marked or identified in any particular way, and encompass vast swaths of public and private property,

---

[1] Cf. United States v. Allam, 677 F. Supp. 3d 545, 565–67 & nn30–31 (E.D. Tex. 2023) (explaining how state permitting decisions impact the ability to carry under 18 U.S.C. § 922(q)).

[2] "School" is defined in pertinent part as "a school which provides elementary or secondary education, as determined under State law." 18 U.S.C. § 921(a)(27).

[3] The Louisiana Department of Education publishes enrollment data twice each year. See https://www.louisianabelieves.com/resources/library/student-attributes  [https://perma.cc/CPZ6-29MM]. The data from February 2026 lists 1336 schools. Multiple Statistics By Site For Total Public Students – February 1, 2026, [Sheet: Total by Site], La. Dep't of Educ., https://doe.louisiana.gov/docs/default-source/fiscal-data/feb-2026-multi-stats-(total-by-site-and-school-system)-web.xlsx?sfvrsn=a43aa9ee_5.

including major and minor roads and thoroughfares throughout the state.[4] These zones, in and of themselves, are not and cannot be so-called "sensitive places." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 30–31 (2022) (cautioning against "expanding the category of 'sensitive places'" such that it "would eviscerate the general right to publicly carry arms for self-defense").

17.     Moreover, many areas have many schools in close proximity to one another, creating overlapping gun-free zones such that 18-to-20-year-old adults effectively have no opportunity to carry handguns for their self-defense. The State requires localities to publish maps of "firearm-free zones" to provide guidance to the public. La. R.S. § 14:95.6(D).[5] To take two examples, the maps for New Orleans and Lafayette show how the State's "firearm-free zones" cover so much area that it is nearly impossible for an individual to comply with the law while carrying and traveling absent a Louisiana carry permit. *See* Ex A, Firearm-Free Zone Map of New Orleans; Ex B, Firearm-Free Zone Map of Lafayette.

18.     Although the law exempts the possession of a firearm "on private property not part of school grounds," as well as an unloaded firearm stored in a locked container in a motor vehicle, 18 U.S.C. § 922(q)(2)(B)(i), (iii), the extensive coverage of its 1,000-foot school radius prohibitions impose a significant burden on Plaintiffs' ability to exercise their Second Amendment protected right to publicly carry a firearm.

19.     Furthermore, 18-to-20-year-old adults like Plaintiffs are also deprived of other legal benefits that are granted to carry license holders. Under Louisiana law, carry license holders are immune from damages "caused by a justified use of force or self-defense through the discharge of

---

[4] Plaintiffs are not challenging the State's ban on firearm carry on School Campuses. *See* La. R.S. § 14:95.6(C)(2) ("'School campus' means all facilities and property within the boundary of the school property.").

[5] The State "firearm-free zones" are not coextensive with the federal ones under Section 922(q). Federal law only covers primary and secondary schools; Louisiana's "zones" include public vocational-technical schools, colleges, and universities. La. R.S. § 14:95.6(C)(1).

the handgun." La. R.S. 9:2793.12(B). Individuals 18-to-20-years-old carrying a handgun pursuant to the general right to constitutional carry do not get the benefit of such immunity.

20.    Plaintiffs are law-abiding, responsible citizens who wish to exercise their Second Amendment protected right to bear arms in public for self-defense on par with all other Louisiana adults by obtaining a concealed handgun permit. The State's regulatory scheme, however, deprives Plaintiffs of any path to do so.

**CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**(SECOND AND FOURTEENTH AMENDMENTS)**

21.    Plaintiffs incorporate here by reference paragraphs 1 through 20, *supra*, as if fully set forth herein.

22.    Louisiana's regulatory scheme prohibiting 18-to-20-year-old adults from obtaining concealed handgun permits violates the Second and Fourteenth Amendments. The Second Amendment is applicable to the States through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010) (incorporating through Substantive Due Process); *id.* at 805 (Thomas, J., concurring) (incorporating through the Privileges or Immunities Clause).

23.    To determine whether a firearm regulation is constitutional under *Bruen*, the analysis begins with whether the Second Amendment's plain text covers an individual's conduct; if so, the Constitution presumptively protects that conduct. *See Bruen*, 597 U.S. at 22–24. If that requirement is satisfied, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. In other words, it is Louisiana's burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19 (cleaned up); *see also Wolford v. Lopez*, No. 24-1046, 2026 WL 1825723, at *6 (U.S. June 25, 2026).

24.    *Bruen* and *Wolford* have already established that the Second Amendment covers Plaintiffs' proposed conduct here—carrying arms publicly for self-defense and other lawful purposes. *Bruen*, 597 U.S. at 31–33; *Wolford*, 2026 WL 1825723, at *9. Therefore, the Second Amendment "presumptively protects" Plaintiffs' right to carry firearms in public in Louisiana. *Bruen*, 597 U.S. at 24; *see also Reese*, 127 F.3d at 595, 600. Stated another way, Louisiana's regime is "presumptively unconstitutional." *Wolford*, 2026 WL 1825723, at *6.

25.    Under *Bruen*, the burden now shifts to Louisiana. It must show that its age requirement is "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 34. "[W]hen the Government regulates arms-bearing conduct, as when the Government regulates other constitutional rights, it bears the burden to 'justify its regulation.'" *United States v. Rahimi*, 602 U.S. 680, 691 (2024) (quoting *Bruen*, 597 U.S. at 24). And it must do so by offering persuasive legal history. *See Bruen*, 597 U.S. at 25; *id.* at 25 n.6 (courts "decide a case based on the historical record compiled by the parties"); *Hemani*, 146 S. Ct. at 1687 (similar).

26.    Louisiana cannot meet this burden. There is no well-established and representative historical tradition of restricting the ability to bear arms for law-abiding, responsible 18-to-20-year old adults. *See Reese*, 127 F.4th at 595–600 (concluding that restricting the Second Amendment rights of 18-to-20-year-old adults was inconsistent with the Nation's historical tradition of firearm regulation); *Worth*, 108 F.4th at 695–98 (same); *Lara*, 125 F.4th at 438–46 (same). Accordingly, prohibiting 18-to-20-year-old adults from obtaining a concealed handgun permit in La. R.S. § 40:1379.3(C)(4) violates the Second Amendment.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

1.    Issue a declaratory judgment that Louisiana's ban on 18-to-20-year old adults obtaining a concealed handgun permit in La. R.S. § 40:1379.3(C)(4), and all related laws,

regulations, policies, and procedures, is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution;

2.     Issue a permanent injunction enjoining Defendants, Defendants' officers, agents, servants, employees, and attorneys, representatives, and other persons who are in active concert or participation with Defendants from enforcing the ban on granting 18-to-20-year-old adults a concealed handgun permit, such that Defendants allow 18-to-20-year-old adults to apply for and be granted such licenses notwithstanding La. R.S. § 40:1379.3(C)(4), and all related laws, regulations, policies, and procedures;

3.     Award costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law, and

4.     Grant any and all further legal and equitable relief against Defendants as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and proper.

Dated:  July 22, 2026

Respectfully Submitted,

/s/ Bradley A. Benbrook
Bradley A. Benbrook*
Stephen M. Duvernay*
Jamie G. McWilliam*
BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, California  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com
jamie@benbrooklawgroup.com

/s/ George J. Armbruster
George J. Armbruster III - #23432
ARMBRUSTER & ASSOCIATES, APLC
332 E. Farrel Rd,, Ste. D
Lafayette, LA  70508
Telephone: (337) 889-5511
george@arm-assoc.com

*Attorneys for Plaintiffs*

*Application to appear *pro hac vice* forthcoming