**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ELLA POOL, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>COLONEL FRANK J. BESSON,[1]<br><br>DEFENDANT. | Civil Action No. 6:26-cv-2650<br><br>Judge: DCJ - DJA |

**DEFENDANT'S NOTICE OF CONSTITUTIONAL QUESTION AND REQUEST FOR CERTIFICATION UNDER RULE 5.1**

Defendant Colonel Frank J. Besson respectfully **(a)** notifies the Court that Plaintiffs' Complaint draws into question the constitutionality of the federal Gun-Free School Zones Act, 18 U.S.C. §§ 921(a)(26), 922(q)(2)(A), (B)(ii), and **(b)** requests certification to the Attorney General of the United States under Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(a).

Plaintiffs challenge Louisiana's requirement that an applicant for a concealed handgun permit "[b]e twenty-one years of age or older." La. R.S. § 40:1379.3(C)(4); *see* Compl. ¶¶ 2, 14, 22–26. But Louisiana permits adults 18 and older to carry concealed handguns without a permit, as Plaintiffs acknowledge (¶¶ 2, 13), and Louisiana's gun-free-school-zone restriction exempts those persons "eighteen years of age or older" who are lawfully carrying concealed handguns without a permit. ¶ 15 (citing La. R.S. § 14:95.2(C)(9), 14:95(M)).

[1] Colonel Robert Hodges retired from his post as the Superintendent of Louisiana State Police, effective July 31, 2026, and Colonel Frank J. Besson assumed the role. *See* Fed. R. Civ. P. 25(d).

The Complaint accordingly makes the federal Gun-Free School Zones Act central to Plaintiffs' asserted constitutional injuries. Plaintiffs allege that 18-to-20-year-old adults in Louisiana "need a concealed handgun permit to qualify for exemption from the general prohibition on carrying a firearm within 1,000 feet of a school imposed through … the federal Gun Free School Zones Act." ¶ 2. They later repeat that "[f]ederal law bans possession of firearms within 1,000 feet of school grounds unless (among other exceptions) the individual possesses a concealed-carry license from the state in which the school is located." ¶ 15. Those federal school zones, they say, "emanate from each and every school in the state," encompass "vast swaths of public and private property," and make lawful public carry without a permit effectively impossible across substantial portions of Louisiana. ¶¶ 16–18. And "the extensive coverage of its 1,000-foot school radius prohibitions impose[s] a significant burden on Plaintiffs' ability to exercise their Second Amendment protected right to publicly carry a firearm." *Id.* ¶ 18. Most directly, Plaintiffs quote *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 30–31 (2022), to allege that the 1,000-foot zones imposed by federal law "are not and cannot be so-called 'sensitive places'" because treating them as such "'would eviscerate the general right to publicly carry arms for self-defense.'" ¶ 16.

Plaintiffs' Complaint thus "draw[s] into question the constitutionality of a federal … statute," and "the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity." Fed. R. Civ. P. 5.1(a)(1). In those circumstances, "[t]he court must, under 28 U.S.C. § 2403, certify to

the Attorney General that a statute has been questioned." Fed. R. Civ. P. 5.1(a), (b). Then, the United States may intervene within 60 days after notice or certification. Fed. R. Civ. P. 5.1(c). Defendant therefore respectfully requests that the Court certify to the Attorney General of the United States the constitutional question concerning 18 U.S.C. §§ 921(a)(26), 922(q)(2)(A), and 922(q)(2)(B)(ii).

Dated: August 13, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Zachary Faircloth*
ZACHARY FAIRCLOTH (LA 39875)
Principal Deputy Solicitor General
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 421-4088
Facsimile: (225) 326-6795
FairclothZ@ag.louisiana.gov

*Counsel for Defendant*