**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLA POOL; CHRISTIAN McDUFFIE; and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COLONEL FRANK J. BESSON,[1] in his official capacity as Superintendent of the Louisiana State Police,<br><br>Defendant. | Civil Action No.: 6:26-cv-2650<br><br>Judge: DCJ - DJA |

**RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE OF CONSTITUTIONAL QUESTION AND REQUEST FOR CERTIFICATION UNDER RULE 5.1**

Plaintiffs Ella Pool, Christian McDuffie, and Firearms Policy Coalition, Inc. ("Plaintiffs") hereby respond and object to Defendant's Notice of Constitutional Question and Request for Certification Under Rule 5.1. (Dkt. 6) as without merit. The Notice is based on the theory that Plaintiffs' complaint (Dkt. 1) "draws into question the constitutionality of the federal Gun-Free School Zones Act, 18 U.S.C. §§ 921(a)(26), 922(q)(2)(A), (B)(ii)." This is not true.

Plaintiffs do not raise a constitutional challenge to the federal Gun-Free School Zones Act ("GFSZA"), let alone make it a "central" aspect of its claim, as Defendant asserts. Instead, Plaintiffs take the GFSZA as a given, including its feature that it *does not apply* when a State issues a permit to carry. 18 U.S.C. § 922(q)(2)(B)(ii). Louisiana allows all of its residents over the age of

[1] Defendant Colonel Frank J. Besson was substituted for Colonel Robert Hodges in accordance with Fed. R. Civ. P. 25(d).

20 to obtain a permit, but it denies this opportunity to individuals under 21—like Plaintiffs Pool, McDuffie, and Firearms Policy Coalition's other 18-20-year-old members—despite the Fifth Circuit's holding in *Reese v. Bureau of Alcohol, Tobacco, and Firearms*, that 18–20 year-olds are included in "the People" covered by the Second Amendment's protections. 127 F.4th 583, 595 (5th Cir. 2025). By virtue of this denial, Plaintiffs are deprived of their ability to carry within 1,000 feet of a school. And as the Complaint demonstrates, the proliferation of schools means that Louisiana's exclusion of 18–20 year-olds from its permitting system denies them "what the Second Amendment protects: the right of Americans to carry arms for self-defense as they go about their daily lives." *Wolford v. Lopez*, 146 S. Ct. 2032, 2041 (2026). In short, the 21-year-old age requirement for a handgun permit, La. R.S. § 40:1379.3(C)(4), is the only law that Plaintiffs challenge; Plaintiffs do not "draw[] into question" the constitutionality of the GFSZA. Fed. R. Civ. P. 5.1(a).

That the GFSZA's exemptible restriction operates in the background does not mean its constitutionality is at issue here. To the contrary, even if the GFSZA is considered another contributing cause to Plaintiffs' injury (when combined with the State's age-requirement), the State's permitting requirement is itself an unconstitutional burden on Plaintiffs' Second Amendment rights. *Cf. Estate of Parker v. Mississippi Dep't of Pub. Safety*, 140 F.4th 226, 236–37 (5th Cir. 2025) (explaining that, for standing purposes, a defendant can be deemed to have caused a plaintiff's injuries if its "conduct was one of multiple contributing causes"). And as the Complaint identifies, the age-based denial also deprives Plaintiffs of other benefits granted to permit holders, beyond the rules associated with the GFSZA. In other words, the State's 21-year-old age requirement has caused Plaintiffs' constitutional injury. This is the only statute Plaintiffs challenge.

Correspondingly, enjoining Defendant's enforcement of the age requirement would completely redress Plaintiffs' injury: By allowing the individual Plaintiffs and Firearms Policy Coalition's 18–20 year-old members to obtain permits, they would be able to fully exercise their "general right to publicly carry arms," *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 31 (2022), and enjoy the other benefits granted to permit holders. It is unnecessary to address the constitutionality of the GFSZA to remedy Plaintiffs' harm—and so Plaintiffs have not asked the Court to do so.

For the reasons above, the Complaint does not raise a constitutional question regarding a federal statute. Notice and certification under Rule 5.1 is not appropriate. Fed. R. Civ. P. 5.1(a)(1)(A), (b).

Dated: August 18, 2026

Respectfully Submitted,

/s/ Bradley A. Benbrook
Bradley A. Benbrook*
Stephen M. Duvernay*
Jamie G. McWilliam*
BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, California 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com
jamie@benbrooklawgroup.com

/s/ George J. Armbruster
George J. Armbruster III - #23432
ARMBRUSTER & ASSOCIATES, APLC
332 E. Farrel Rd., Ste. D
Lafayette, LA 70508
Telephone: (337) 889-5511
george@arm-assoc.com

*Attorneys for Plaintiffs*

*Application to appear *pro hac vice* forthcoming