**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ELLA POOL, ET AL.** | **CIVIL DOCKET NO. 6:26-cv-2650** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **FRANK J. BESSON** | **MAGISTRATE JUDGE DAVID J. AYO** |

**RULING AND ORDER**

Before the Court is a NOTICE OF CONSTITUTIONAL QUESTION AND REQUEST FOR CERTIFICATION UNDER RULE 5.1 filed by defendant Frank J. Besson ("Defendant") (the "Request") [Doc. 6]. In his Request, Defendant contends that Plaintiffs' Complaint "draws into question the constitutionality" of the federal Gun-Free School Zones Act, 18 U.S.C. §§ 921(a)(26), 922(q)(2)(A), and 922(q)(2)(B)(ii) ("GFSZA"), and therefore requires the Court to certify that constitutional question to the Attorney General of the United States pursuant to Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403(a). Plaintiffs Ella Pool, Christian McDuffie, and the Firearms Policy Coalition, Inc. ("Plaintiffs") oppose certification. [Doc. 9]. For the following reasons, the request for certification is DENIED.

Plaintiffs Ella Pool and Christian McDuffie are Louisiana residents, ages 19 and 18, respectively. Plaintiff Firearms Policy Coalition, Inc. is a nonprofit membership organization that "seeks to protect, defend, and advance the People's rights … to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms." [Doc. 1, p. 4]. Together, Plaintiffs filed

this action on July 22, 2026, against Robert P. Hodges,[1] Superintendent of the Louisiana State Police, in his official capacity, seeking declaratory and injunctive relief against enforcement of Louisiana's age requirement.

## LAW AND ANALYSIS

### I. Rule 5.1 and 28 U.S.C. § 2403

Federal Rule of Civil Procedure 5.1(a) applies when a party files a pleading, written motion, or other paper "drawing into question the constitutionality of a federal or state statute." Pursuant to the rule, if the federal statute is questioned and the United States is not a party, the filing party must serve notice on the Attorney General of the United States. Fed. R. Civ. P. 5.1(a)(1)(A). Rule 5.1(b) provides that "[t]he court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). Section 2403(a), in turn, provides that when the constitutionality of an Act of Congress affecting the public interest is drawn into question in an action to which the United States is not a party, "the court shall certify such fact to the Attorney General." 28 U.S.C. § 2403(a).

The Fifth Circuit has recognized that the certification requirement is mandatory when the constitutionality of a federal statute is placed in question. *Jones v. City of Lubbock*, 727 F.2d 364, 371–72 (5th Cir. 1984). The threshold issue before the Court, then, is whether the constitutionality of the GFSZA has in fact been "drawn into question." *Haspel & Davis Milling & Planting Co. v. Board of Levee*

[1] Although Colonel Robert P. Hodges was initially named as Defendant, he retired on July 31, 2026, and Colonel Besson thereafter assumed the position of Superintendent.

*Commissioners of the Orleans Levee District*, 493 F.3d 570, 577–78 (5th Cir. 2007) (distinguishing a challenge to the constitutionality of a statute from a dispute concerning the statute's interpretation).

**II. Louisiana's Permitting Scheme and the GFSZA**

Louisiana's statutory scheme distinguishes between permit-based concealed carry and permitless concealed carry. Louisiana law authorizes the Department of Public Safety and Corrections to issue concealed-handgun permits to persons who satisfy the requirements of La. R.S. § 40:1379.3, which includes an age requirement of twenty-one years. La. R.S. § 40:1379.3(C)(4). At the same time, La. R.S. § 14:95(M) provides that the prohibition on carrying a concealed firearm does not apply to a person who is eighteen years of age or older and is not otherwise prohibited from possessing a firearm under state or federal law. Persons carrying pursuant to § 14:95(M), however, remain subject to the restrictions applicable to concealed-handgun permit holders under La. R.S. § 40:1379.3. La. R.S. § 14:95(N). In addition, § 40:1379.3(M) provides that neither a concealed-handgun permit nor permitless carry authorizes carrying a concealed handgun in a location where firearms are prohibited by state or federal law.

The GFSZA, codified at 18 U.S.C. § 922(q)(2), prohibits knowing possession of a firearm in a school zone, subject to specified exceptions, including if the "individual possessing the firearm is licensed to do so by the State in which the school zone is located," provided that the statutory licensing requirements are verified by the state before issuing the license. 18 U.S.C. § 922(q)(2)(A), (B)(ii). Although Louisiana law permits otherwise eligible adults eighteen and older to carry concealed firearms

without a permit, Plaintiffs allege that they cannot avail themselves of the federal exception to the GFSZA because Louisiana does not permit them to obtain the qualifying license until they reach age twenty-one. Consequently, Plaintiffs contend that — despite the ability to carry a concealed handgun without a permit under Louisiana law — they nevertheless remain subject to the GFSZA's prohibition when carrying within a school zone. They further allege that this significantly limits their ability to travel throughout Louisiana while carrying a concealed handgun.[2]

In the Request, Defendant contends that Plaintiffs' challenge to Louisiana's concealed-handgun permitting age requirement necessarily implicates the constitutionality of the federal GFSZA because Plaintiffs rely on the Act's school-zone restrictions and its exception for state-issued concealed-carry licenses to establish the burden imposed by Louisiana law. Defendant therefore argues that the Complaint "draws into question" the constitutionality of the GFSZA within the meaning of Rule 5.1 and 28 U.S.C. § 2403(a), requiring the Court to certify the constitutional question to the Attorney General of the United States.

But Plaintiffs explicitly state in their response to the Request that Rule 5.1 certification is unwarranted because they challenge only Louisiana's requirement that concealed-handgun permit applicants be at least twenty-one years old, not the constitutionality of the federal GFSZA. Specifically, in their Response to the

[2] Plaintiffs allege that the 1,000-foot school-zone restrictions surrounding more than 1,300 schools — often overlapping and encompassing roads and other public and private property — substantially limit Plaintiffs' ability to carry firearms while traveling throughout Louisiana. Plaintiffs allege that, without a concealed-handgun permit, they may be prohibited from carrying simply by passing through these extensive and often unmarked zones.

Defendant's Request, Plaintiffs contend that they "do not raise a constitutional challenge to the [GFSZA], let alone make it a 'central' aspect of [their] claim," but rather acknowledge the application of the GFSZA, "including its feature that it *does not apply* when a State issues a permit to carry." [Doc. 9, p. 1, n.1] (emphasis in original). Plaintiffs emphasize later in their response that La. § 40:1379.3(C)(4) is "the only statute [they] challenge." *Id.* at p. 2. Thus, Plaintiffs argue that the GFSZA merely operates in the background, is relevant only to the practical burden imposed by Louisiana's age restriction, and that the Court can rule on the merits of their claims without determining the constitutionality of the federal statute. The Court agrees.

In their Complaint, Plaintiffs describe the federal statutory scheme to explain the practical consequences of Louisiana's age requirement to obtain a concealed handgun permit. They do not challenge the constitutionality of the GFSZA or seek any relief against its enforcement. Rather, Plaintiffs specifically challenge only the constitutionality of La. R.S. § 40:1379.3(C)(4), arguing that Louisiana's requirement that applicants for concealed carry permits be 21 violates the Second Amendment under *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022) and *United States v. Reese*, 127 F.4th 583 (5th Cir. 2025). The GFSZA is relevant to that claim because Plaintiffs contend that the federal school-zone restrictions increase the practical burden resulting from Louisiana's age restriction, but Plaintiffs explicitly disclaim that their lawsuit seeks to invalidate § 922(q)(2) or enjoin its enforcement.

Considering the case that has been brought, this Court is not called upon to determine whether the GFSZA's school-zone restriction is constitutional in order to

resolve Plaintiffs' challenge to Louisiana's permitting requirement. *See Haspel*, 493 F.3d at 577–78 (explaining that a statute may be relevant to a constitutional claim without its constitutionality itself being challenged). Instead, the Court may assume, without deciding, that § 922(q) is constitutional and limit its inquiry to the lawfulness of Louisiana's age restriction in La. R.S. § 40:1379.3(C)(4).

Because this lawsuit requests that the Court adjudicate Plaintiffs' circumscribed claims without determining the constitutionality of 18 U.S.C. §§ 921(a)(26), 922(q)(2)(A), or 922(q)(2)(B)(ii), Plaintiffs have not drawn the constitutionality of a federal statute into question within the meaning of Rule 5.1(a). *See Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288, 224 L. Ed. 2d 817 (2026) (where the Supreme Court held that the circuit court violated the party-presentation principle when it decided "a case different from the one [respondent] advanced," noting that courts are "essentially passive instruments of government" and therefore rely on the parties to "frame the issues for decision" and decide "only the questions presented"). Defendant's NOTICE OF CONSTITUTIONAL QUESTION AND REQUEST FOR CERTIFICATION TO THE ATTORNEY GENERAL OF THE UNITED STATES UNDER RULE 5.1 [Doc. 6] is therefore DENIED.

THUS, DONE AND SIGNED in Chambers on this 21st day of August 2026.

David C Joseph

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE