**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ELLA POOL, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>COLONEL FRANK J. BESSON,<br><br>DEFENDANT. | Civil Action No. 6:26-cv-2650<br><br>Judge: DCJ - DJA |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS RULE 11 MOTION**

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

BACKGROUND ........ 2

ARGUMENT ........ 4

I. THE COALITION'S CLAIM IS BARRED BY THE FINAL JUDGMENT IN *MATE*. ........ 4

A. *Mate* Ended in a Final Judgment on the Merits by a Court of Competent Jurisdiction. ........ 5

B. The Coalition Is the Same Party in Both Actions, and Adding Different Coalition Members Does Not Change That. ........ 5

C. *Mate* Arose from the Same Nucleus of Operative Facts. ........ 6

II. COUNSEL'S CONTINUED PRESENTATION OF THE COALITION'S CLAIM-PRECLUDED CLAIM VIOLATES RULE 11 ........ 8

III. THE COURT SHOULD IMPOSE A SANCTION SUFFICIENT TO DETER REPETITION. ........ 10

CONCLUSION ........ 11

CERTIFICATE OF SERVICE ........ 12

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Brooks v. Raymond Dugat Co.*,
336 F.3d 360 (5th Cir. 2003) .......... 5

*Cordova v. Univ. Hosp. & Clinics, Inc.*,
92 F.4th 266 (5th Cir.), *cert. denied sub nom. Mire v. Univ. Hosp. & Clinics, Inc.*, 144 S. Ct. 2608 (2024) .......... 8, 9

*Davis v. Dallas Area Rapid Transit*,
383 F.3d 309 (5th Cir. 2004) .......... 7

*Devins v. Armstrong*,
167 F.4th 247 (5th Cir. 2026) .......... 5, 6

*Fermin v. Nat'l Home Life Assurance Co.*,
15 F.3d 180, 1994 WL 24922 (5th Cir. 1994) .......... 9

*King v. Hoover Grp., Inc.*,
958 F.2d 219 (8th Cir. 1992) .......... 9

*Landscape Props., Inc. v. Whisenhunt*,
127 F.3d 678 (8th Cir. 1997) .......... 9

*Mate v. Westcott*,
No. 2:24-cv-1780 (W.D. La.) .......... *passim*

*OJSC Ukrnafta v. Carpatsky Petroleum Corp.*,
957 F.3d 487 (5th Cir. 2020) .......... 6

*Oreck Direct LLC v. Dyson, Inc.*,
560 F.3d 398 (5th Cir. 2009) .......... 7

*Paganucci v. City of New York*,
993 F.2d 310 (2d Cir. 1993) .......... 9

*Pro. Mgmt. Assocs., Inc. v. KPMG LLP*,
345 F.3d 1030 (8th Cir. 2003) .......... 9

*Reese v. BATFE*,
127 F.4th 583 (5th Cir. 2025) .......... 2

*Robinson v. Nat'l Cash Reg. Co.*,
808 F.2d 1119 (5th Cir. 1987), *abrogated on other grounds by*
*Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866 (5th Cir. 1988) .............................. 9

*S. Leasing Partners, Ltd. v. McMullan*,
801 F.2d 783 (5th Cir. 1986) .............................................................................. 9

*Snow Ingredients, Inc. v. SnoWizard, Inc.*,
833 F.3d 512 (5th Cir. 2016) ......................................................................... 4, 8, 9

*Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*,
37 F.4th 1078 (5th Cir. 2022) ............................................................................ 4, 6

*Taylor v. Sturgell*,
553 U.S. 880 (2008) ........................................................................................... 5

*Test Masters Educational Services, Inc. v. Singh*,
428 F.3d 559 (5th Cir. 2005) .............................................................................. 5

*Thomas v. Evans*,
880 F.2d 1235 (11th Cir. 1989) ........................................................................... 9

*United States v. Davenport*,
484 F.3d 321 (5th Cir. 2007) .............................................................................. 6

**Statutes**

18 U.S.C. § 922 ...................................................................................... 2, 3, 7

La. R.S. 40:1379.3 .................................................................................. 2, 3, 6

**Other Authorities**

18A Charles Alan Wright et al.,
*Federal Practice and Procedure* § 4456 (3d ed.) ..................................................... 5

2025 La. Sess. Law Serv. Act 273 (H.B. 407) ........................................................... 3

Fed. R. Civ. P. 11 ............................................................................................ *passim*

Fed. R. Civ. P. 41 ............................................................................................... 3

Press Release, Firearms Policy Coalition,
*FPC Asks Federal Court to Block Louisiana's Ban on Gun Carry Permits for 18-to-20-Year-Old Adults*
(Sept. 1, 2026), t.ly/Qfvz0 .......... 4

## INTRODUCTION[1]

This case is claim precluded, and Firearms Policy Coalition and its counsel know that. While litigating a residency challenge to the same licensing requirement at issue here*, see Mate v. Westcott*, No. 2:24-cv-1780 (W.D. La.), the same counsel pressing this case told the State that Louisiana's related age restriction was unconstitutional, threatened to sue over it, and proposed legislation addressing both that restriction and the residency issue presented in *Mate*. Ex. A (2025 Correspondence Between Counsel) at 5–6. While *Mate* was pending, the Legislature changed only the residency rule. Rather than amend its *Mate* complaint to raise the age restriction issue, however, the Coalition stipulated to dismiss *Mate* with prejudice. Nearly a year later, the Coalition finally filed the threatened age claim.

That is a black-letter Rule 11 problem. The Coalition cannot use a known claim as leverage in one case, dismiss that case with prejudice without preserving the claim, and then file a new case raising the claim. Claim preclusion forbids it, and Rule 11 forbids counsel from continuing to press a claim that a reasonable inquiry would reveal is barred. Here, counsel knew every fact establishing preclusion firsthand. In fact, they now cite and publicly tout those same facts while asking this Court for relief. A reasonable inquiry, however, would have made it obvious that basic preclusion principles bar this suit. The Court should impose sanctions sufficient to deter repetition of this conduct.

[1] On September 7, 2026, Defendant served Plaintiffs with a motion for sanctions under Federal Rule of Civil Procedure 11(c)(2). *See* ECF No. 22.

## BACKGROUND

**A.** Firearms Policy Coalition and two of its members sued the State in December 2024, alleging that Louisiana's concealed-handgun permitting regime violated the Constitution because La. R.S. 40:1379.3(C)(3) made nonresidents ineligible for a Louisiana permit. *Mate* Compl. ¶¶ 2–3, 11, 15. This inability to obtain a permit, the Coalition said, restricted public carry under the federal Gun-Free School Zones Act, 18 U.S.C. § 922(q), exposed non-permittees to 1,000-foot school zones covering substantial portions of the State, and denied them statutory civil immunity available to permit holders. *Mate* Compl. ¶¶ 16–21.

While *Mate* remained pending, on April 16, 2025, the Coalition's counsel, Stephen Duvernay, wrote to the State to propose "that the legislature amend the law to remove [an] age restriction" in La. R.S. 40:1379.3(C)(4) in light of *Reese v. BATFE*, 127 F.4th 583 (5th Cir. 2025). Ex. A at 6. "[S]ince we have previously discussed a legislative fix to the permitting scheme," Duvernay wrote, the Coalition had created "a draft proposal that addresses the residency requirement as well as the provision that prohibits eighteen-to-twenty-year-old adults from applying for a concealed handgun permit." Ex. A at 6. The next day, the State's counsel sought confirmation that *Mate* was drafted around the age issue. Ex. A at 6. While "[t]he current lawsuit does not raise the issue," Duvernay agreed, the Coalition "ha[d] filed several cases in other jurisdictions raising the claim (including *Reese*) and is prepared to file suit raising the same claims against Louisiana." Ex. A at 5.

The parties then agreed to hold *Mate* in abeyance while the Legislature considered House Bill 407 because it would "substantially impact th[e] case." *Mate*,

ECF No. 10 at 1. The Legislature ultimately enacted it, removing the residency restriction challenged in *Mate* but leaving in place the age restriction that the Coalition told the State it would challenge. 2025 La. Sess. Law Serv. Act 273 (H.B. 407). On June 18, the parties reported to the Court that the Governor had signed Act 273 and that they would dismiss *Mate* after it took effect. *Mate*, ECF No. 14 at 1. On September 16, 2025, the parties filed a Rule 41(a)(1)(A)(ii) stipulation that "all claims in this action be dismissed with prejudice." *Mate*, ECF No. 15 at 1.

**B.** Almost a year after dismissing *Mate* with prejudice, the Coalition and three of its members filed this action. The operative First Amended Complaint asserts the claim that the Coalition told Louisiana it was "prepared to" assert in April 2025—that La. R.S. 40:1379.3(C)(4) unconstitutionally prevents 18-to-20-year-old adults from obtaining the same Louisiana concealed-handgun permits at issue in *Mate*. ECF No. 17 ¶¶ 2–4, 15–27. Using almost identical language to the language in the *Mate* complaint, the Coalition again alleges that the inability to obtain a Louisiana permit restricts public carry because of § 922(q)'s 1,000-foot school zones, emphasizes the number and geographic breadth of those zones, and alleges the loss of statutory civil immunity available to permit holders. *Compare id.* ¶¶ 16–21, *with Mate* Compl. ¶¶ 16–21.

The Coalition expressly acknowledges that the challenge in this case could have been asserted in *Mate* a year ago:

> During the course of [*Mate*], counsel informed the State that its age limitation was likewise unconstitutional and proposed that the law be amended to avoid litigation.

ECF No. 18-1 at 2 n.2. And the Coalition is boasting about the same thing publicly. In a press release announcing its preliminary-injunction motion, it stated that "[t]his lawsuit could have been avoided" because, in April 2025, "while FPC was working with Louisiana officials to resolve" *Mate*, its counsel warned the State that the age restriction was unconstitutional and supplied proposed legislation "addressing both problems." Press Release, Firearms Policy Coalition, *FPC Asks Federal Court to Block Louisiana's Ban on Gun Carry Permits for 18-to-20-Year-Old Adults* (Sept. 1, 2026), t.ly/Qfvz0. Everyone therefore agrees that the Coalition threatened this very claim during *Mate*, presented both the residency and age restrictions to the State to settle that dispute, and then stipulated to dismissal with prejudice when only the residency issue was resolved by the Legislature's intervening action.

## ARGUMENT

This case presents a straightforward Rule 11 problem. *First*, the Coalition's claim is plainly claim-precluded by the judgment in *Mate*. *Second*, counsel's decision to press that precluded claim is objectively unreasonable under Rule 11(b)(2). The Court should therefore impose sanctions sufficient to deter repetition of that conduct.

### I. THE COALITION'S CLAIM IS BARRED BY THE FINAL JUDGMENT IN *MATE*.

"Claim preclusion bars the litigation of claims that have been or should have been raised in an earlier suit." *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 37 F.4th 1078, 1087 (5th Cir. 2022) ("*SFFA*") (quoting *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016)). It applies when "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on

the merits; and (4) the same claim or cause of action was involved in both actions." *Devins v. Armstrong*, 167 F.4th 247, 252 (5th Cir. 2026) (quoting *Test Masters*, 428 F.3d at 571). Each requirement is satisfied here.

### A. *Mate* Ended in a Final Judgment on the Merits by a Court of Competent Jurisdiction.

The second and third elements are satisfied. This Court was a court of competent jurisdiction. And before this Court, the Coalition stipulated that "all claims in [*Mate*] be dismissed with prejudice," *Mate*, ECF No. 15 at 1, which is "a final judgment on the merits," *e.g.*, *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003).

### B. The Coalition Is the Same Party in Both Actions, and Adding Different Coalition Members Does Not Change That.

The first element is also satisfied because the Coalition itself was a plaintiff in *Mate*—and it is a plaintiff here. *Compare Mate* Compl. ¶ 11, *with* ECF No. 17 ¶ 12. Moreover, adding different Coalition members does not allow the Coalition to sidestep preclusion. As *Wright and Miller* explains, "[i]t seems clear enough that the association should not be able to evade preclusion continually by averring that unidentified members are not bound and bringing successive suits by claiming injury to different identified members." 18A Charles Alan Wright et al., *Federal Practice and Procedure* § 4456 (3d ed.). The Coalition therefore cannot avoid the *Mate* judgment by propping up different Coalition members as co-plaintiffs. *See Taylor v. Sturgell*, 553 U.S. 880, 895 (2008) ("[A] party bound by a judgment may not avoid its preclusive force by relitigating through a proxy.").

That is especially so because the Coalition has freely admitted that the Coalition itself "brings this action on behalf of those members who are between 18 and 20 years of age[.]" ECF No. 17 ¶ 12. In other words, there is no question that this entire suit is the Coalition's handiwork, just as the Coalition threatened the State over a year ago. *See* Ex. A at 5 (stating that the Coalition "is prepared to file suit raising the same claims against Louisiana"). The same-party element for claim preclusion thus plainly applies here.

### C. *Mate* Arose from the Same Nucleus of Operative Facts.

Finally, *Mate* and *Pool* share the same claim for preclusion purposes because they share "the same nucleus of operative facts." *Devins*, 167 F.4th at 252 (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)). In the Fifth Circuit, "[t]he nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Id.* So courts must consider "whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations." *SFFA*, 37 F.4th at 1088–89 (quoting *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 504 (5th Cir. 2020)). Each consideration establishes preclusion here.

**1.** The claims are closely related in origin, motivation, and geographic scope. Both challenge the same statewide Louisiana concealed-handgun permitting regime because a categorical eligibility restriction prevents a subset of Coalition members from obtaining a Louisiana permit. They challenge adjoining clauses in the same statutory provision. *See* La. R.S. 40:1379.3(C)(3) (residency requirement now

repealed), (4) (age requirement). And—in complaint paragraphs bearing virtually identical numbers and substance—they both derive the asserted Second Amendment injury from the same consequences of lacking that permit: namely, § 922(q)'s 1,000-foot school zones, the geographic breadth of those zones, and the loss of statutory civil immunity available to permit holders. *Compare Mate* Compl. ¶¶ 16–21, *with* ECF No. 17 ¶¶ 16–21. The factual foundation is the same. All that has changed is which subset of its members the Coalition has elected to sue on behalf of.

**2.** The claims in both *Mate* and *Pool* also form a convenient trial unit—and the Coalition's own conduct confirms that it understood them that way. While *Mate* was pending, its counsel proposed a single legislative fix addressing both "the residency requirement" (*Mate*) and the age restriction (*Pool*) as parts of the same "permitting scheme." Ex. A at 6. And the Coalition's counsel told the State the next day that the Coalition was prepared to sue Louisiana over the age restriction as well. Ex. A at 5. Treating the two theories together, therefore, would have matched both their factual relationship and the Coalition's own contemporaneous threats to Louisiana.

**3.** The claims are related in time as well. The age restriction issue in this case is not a "future claim." *Oreck Direct LLC v. Dyson, Inc.*, 560 F.3d 398, 404 n.8 (5th Cir. 2009). The Coalition identified it while *Mate* was pending, and long before *Mate* was dismissed with prejudice. *See* Ex. A at 6. That matters because claim preclusion reaches all "existing claim[s]"—those that "*could have been* advanced" in the first action. *Oreck Direct*, 560 F.3d at 403 (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004)). And the Coalition's counsel expressly

acknowledged not only that this one could be, but also that the Coalition was "prepared to file suit raising the [claim] against Louisiana"—a year and a half ago. Ex. A at 5; *accord* ECF No. 18-1 at 2 n.2. Rather than amend its *Mate* complaint to assert this claim, however, the Coalition opted to dismiss *Mate* with prejudice.

* * *

This is not a close claim-preclusion question. The Coalition knew about the *Pool* issue while *Mate* was pending, could have asserted it there, and nevertheless signed a dismissal with prejudice. This case is claim-precluded, and the same counsel pressing it here knew every fact that made the bar apparent when they filed the Complaint (ECF No. 1), Amended Complaint (ECF No. 17), and Preliminary Injunction Motion and Memorandum in Support (ECF Nos. 18, 18-1).

## II. COUNSEL'S CONTINUED PRESENTATION OF THE COALITION'S CLAIM-PRECLUDED CLAIM VIOLATES RULE 11.

Rule 11(b)(2) requires counsel, by "signing, filing, submitting, or later advocating" a pleading, motion, or other paper, to certify that its legal contentions are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). That certification carries a duty of "reasonable inquiry," and counsel's conduct is judged under an objective standard of reasonableness. *Cordova v. Univ. Hosp. & Clinics, Inc.*, 92 F.4th 266, 273 (5th Cir.), *cert. denied sub nom. Mire v. Univ. Hosp. & Clinics, Inc.*, 144 S. Ct. 2608 (2024). Accordingly, Rule 11(b)(2) reaches a filing that, "even made in good faith, is legally indefensible." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016).

Under the "snapshot" rule, reasonableness is assessed at "the instant the attorney affixes his signature to the document." *Id.* (citation omitted). The relevant snapshots are July 22, when counsel filed the Complaint; August 27, when they filed the Amended Complaint; and September 1, when they pressed the claim through their Preliminary Injunction Motion and memorandum. ECF Nos. 1, 17, 18, 18-1.

Pressing a claim that a reasonable inquiry would reveal is barred by claim preclusion violates Rule 11. *See, e.g.*, *Robinson v. Nat'l Cash Reg. Co.*, 808 F.2d 1119, 1131 (5th Cir. 1987) ("A 'reasonable inquiry' … would have made it obvious that res judicata barred the instant suit."), *abrogated on other grounds by Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866 (5th Cir. 1988) (en banc); *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788–89 (5th Cir. 1986) (affirming sanctions where a "'[r]easonable inquiry' into the law of res judicata" would have revealed the bar).[2]

The same counsel pressing *Pool* litigated *Mate*. While *Mate* was pending, they told the State that the age restriction was unconstitutional, proposed legislation addressing both the residency and age restrictions, and expressly said that the Coalition was prepared to sue Louisiana over the age restriction. Ex. A at 5. They

[2] *See also Fermin v. Nat'l Home Life Assurance Co.*, 15 F.3d 180, 1994 WL 24922, at *2 (5th Cir. 1994) (unpublished) ("Fermin's persistence in litigating this lawsuit, even after he was put on notice that res judicata barred his lawsuit, clearly violates Rule 11."); *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) ("A plaintiff may be sanctioned under Rule 11 for filing claims barred by res judicata."); *Paganucci v. City of New York*, 993 F.2d 310, 312 (2d Cir. 1993) (holding that "[e]ven a cursory review of the doctrine of res judicata" would have revealed the claim was "patently frivolous"); *King v. Hoover Grp., Inc.*, 958 F.2d 219, 223 (8th Cir. 1992) (holding counsel "should have realized" the second action was barred by the first); *Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 683 (8th Cir. 1997) (affirming sanctions given "settled law of res judicata"); *Pro. Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) (agreeing that suit was frivolous because "a reasonable inquiry into the lawsuit's basis shows res judicata bars the action"); *cf. Cordova*, 92 F.4th at 273 (affirming sanctions for "continuing to press arguments that had clearly been rejected").

then signed the stipulation dismissing *Mate* with prejudice. *Mate*, ECF No. 15 at 2. So at each Rule 11 snapshot here, counsel did not need a "reasonable inquiry" to uncover the facts establishing preclusion because they already knew them firsthand.

More telling still, counsel now identifies the *Mate* settlement discussions as a reason this Court should act. *See* ECF No. 18-1 at 2 n.2; Press Release, Firearms Policy Coalition, *supra*. But that proves the exact opposite: Those discussions show that the Coalition and its counsel know that they had their shot at the age claim in *Mate*, used it as leverage in the same negotiations, obtained legislative relief only on the residency claim, and then chose to dismiss *Mate* with prejudice anyway. *Mate*, ECF No. 15 at 1. Rather than treating the preclusion problem as a reason to stop, the Coalition (and its counsel) has turned the very facts that make the bar obvious into fodder for its press campaign. That disregard for basic preclusion principles confirms the need for a sanction sufficient to deter repetition of the same conduct.

## III. THE COURT SHOULD IMPOSE A SANCTION SUFFICIENT TO DETER REPETITION.

Rule 11 requires a sanction "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). That sanction may include a "nonmonetary directive" or, when warranted for effective deterrence, an award of "reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

A monetary sanction against the Coalition and its counsel, *see* Fed. R. Civ. P. 11(c)(1), is warranted here—at a minimum for the attorney time required to prepare and file this sanctions motion and memorandum. The State is prepared to submit a declaration identifying that time and its reasonable value if the Court so requests.

But this case also presents an unusual circumstance. While the State has defended this litigation through salaried staff, the Coalition has used the lawsuit as part of a public relations campaign against the State of Louisiana and her employees in public service, touting the very facts that establish the preclusion bar. A nonmonetary sanction may therefore serve Rule 11's deterrent purpose more directly. In lieu of monetary sanctions, for example, the Court may wish to direct the Coalition to issue a public corrective statement through the same channels used to promote this suit.

## CONCLUSION

The Court should grant the State's motion for Rule 11 sanctions and impose a sanction sufficient to deter repetition—either reasonable attorney's fees and expenses caused by the violation or an appropriate nonmonetary corrective sanction.

Dated: September 29, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

/s/ Zachary Faircloth
ZACHARY FAIRCLOTH (LA 39875)
Principal Deputy Solicitor General
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 421-4088
Facsimile: (225) 326-6795
FairclothZ@ag.louisiana.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Zachary Faircloth*
ZACHARY FAIRCLOTH (LA 39875)