**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELLA POOL; CHRISTIAN McDUFFIE; CHARLES MATTHEWS; and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COLONEL FRANK J. BESSON[1], in his official capacity as Superintendent of the Louisiana State Police,<br><br>Defendant. | Civil Action No.: 6:26-cv-02650-DCJ-DJA |

**DECLARATION OF STEPHEN M. DUVERNAY**

**IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S RULE 11 MOTION**

[1] Defendant Colonel Frank J. Besson was substituted for Colonel Robert Hodges in accordance with Fed. R. Civ. P. 25(d).

I, Stephen M. Duvernay, declare:

1. I am an attorney, licensed to practice law in the State of California and State of Texas, and an attorney with the law firm of Benbrook Law Group, PC, counsel of record for Plaintiffs in this matter. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto. I also served as counsel of record for the Plaintiffs in *Mate v. Westcott*, No. 2:24-cv-1780.

2. Attached as Exhibit A is a true and correct copy of an April 17, 2025, e-mail exchange between me and Louisiana Solicitor General J. Benjamin Aguiñaga, with the relevant portions highlighted for the Court's convenience.

3. Attached as Exhibit B is a true and correct copy of an August 4, 2026, e-mail I received from Louisiana Solicitor General J. Benjamin Aguiñaga, with the relevant portions highlighted for the Court's convenience.

4. Attached as Exhibit C is a true and correct copy of a September 7, 2026, e-mail I received from Zacharay Faircloth.

I declare under penalty of perjury under the laws of the United States America and State of Louisiana that the foregoing is true and correct.

Executed October 19, 2026. /s/ Stephen M. Duvernay

Stephen M. Duvernay

# EXHIBIT A

**Subject:** Re: Mate v. Westcott, No. 24-cv-1780 (W.D. La.)
**Date:** Thursday, April 17, 2025 at 3:41:29 PM Pacific Daylight Time
**From:** Steve Duvernay
**To:** Aguinaga, Ben

Ben,

That sounds good—let me know what day/time works best for your schedule.

As to the 18-20 question: The current lawsuit does not raise the issue, but FPC has filed several cases in other jurisdictions raising the claim (including *Reese*) and is prepared to file suit raising the same claims against Louisiana.

Sincerely,

Steve
**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com

---

**From:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
**Date:** Thursday, April 17, 2025 at 3:17 PM
**To:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Subject:** Re: Mate v. Westcott, No. 24-cv-1780 (W.D. La.)

Thanks, Steve. Why don't we connect next week? I've not spoken with Lauren about this issue yet. On the age question, am I correct that your lawsuit doesn't currently raise that issue?

Sent from my iPhone

On Apr 16, 2025, at 12:40 PM, Steve Duvernay <Steve@benbrooklawgroup.com> wrote:

Ben,

One other item to flag for your consideration, since we have previously discussed a legislative fix to the permitting scheme. Attached is a draft proposal that addresses the residency requirement as well as the provision that prohibits eighteen-to-twenty-year-old adults from applying for a concealed handgun permit. The Fifth Circuit's recent decision in Reese v. BATFE, 127 F.4th 583 (5th Cir. 2025) confirms that such age restrictions violate the Second Amendment. Accordingly, we propose that the legislature amend the law to remove that age restriction.

Sincerely,

Steve
Stephen Duvernay
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com<mailto:steve@benbrooklawgroup.com>

From: Steve Duvernay <Steve@benbrooklawgroup.com>
Date: Wednesday, April 16, 2025 at 5:52 AM
To: Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
Subject: Re: Mate v. Westcott, No. 24-cv-1780 (W.D. La.)
Ben,

It appears that there is a pending bill that would remove the residency requirement for concealed handgun permits:

https://legiscan.com/LA/text/HB407/id/3201130

Let me know if you have a few minutes to discuss this development.

Sincerely,

Steve
Stephen Duvernay
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com<mailto:steve@benbrooklawgroup.com>

From: Steve Duvernay <Steve@benbrooklawgroup.com>
Date: Thursday, March 27, 2025 at 11:46 AM
To: Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
Subject: Re: Mate v. Westcott, No. 24-cv-1780 (W.D. La.)
Ben,

Thanks very much. I'll give you a call at 9:30.

Sincerely,

Steve
Stephen Duvernay
Benbrook Law Group, PC

# EXHIBIT B

**Subject:** RE: Pool v. Hodges, W.D. La. No. 6:26-cv-2650
**Date:** Tuesday, August 4, 2026 at 8:24:38 AM Pacific Daylight Time
**From:** Aguinaga, Ben
**To:** Steve Duvernay
**CC:** Faircloth, Zachary, George Armbruster III
**Attachments:** image001.png

Steve—I have some unhappy people on my end given the lack of a courtesy pre-suit reachout notwithstanding how we worked with you all through the *Mate* suit. In addition, as you may be aware, LSP is undergoing a transition with Colonel Hodges departing. We would thus appreciate your consent to a 60-day extension of our answer deadline as we assess the State's position on your complaint; as you know from *Mate*, the position may not be adverse, and so I think this extension will benefit all parties. Thanks.

Ben

**J. Benjamin Aguiñaga**
Solicitor General
Office of Attorney General Liz Murrill
Tel: (225) 506-3746
aguinagab@ag.louisiana.gov
www.AGLizMurrill.com

---

**From:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Sent:** Tuesday, July 28, 2026 2:29 PM
**To:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
**Cc:** Faircloth, Zachary <FairclothZ@ag.louisiana.gov>; George Armbruster III <george@arm-assoc.com>
**Subject:** Pool v. Hodges, W.D. La. No. 6:26-cv-2650

Ben,

Attached is a courtesy copy of a lawsuit that we filed in the Western District last week, which challenges the constitutionality of Louisiana's requirement that carry license applicants be 21 years of age or older. I understand that service was completed earlier this afternoon. Since this dispute is purely legal we also filed summary judgment papers to move things along.

Please let me know if you would like to discuss after your office has had a chance to review the filings.

Sincerely,

Steve
**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106

Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com

**Disclaimer**

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# EXHIBIT C

**Subject:** RE: Pool v. Hodges
**Date:** Monday, September 7, 2026 at 1:15:36 PM Pacific Daylight Time
**From:** Faircloth, Zachary
**To:** Steve Duvernay
**CC:** Bradley Benbrook, Jamie McWilliam, Aguinaga, Ben
**Attachments:** image002.png, image003.png, Exhibit A — April 16–17, 2025 Correspondence Between Counsel.pdf, 2026.09.07 - Pool v. Besson - State's Rule 11 Motion.pdf

Steve,

Pursuant to FRCP 11(c)(2), please find attached a sanctions memorandum that will be filed on or about September 28 absent corrective action. Please confirm that you consent to service by email pursuant to FRCP 5(b)(2)(E); if you do not, please provide the address to which we may mail the memorandum pursuant to FRCP 5(b)(3)(C).

Regarding the Court's 9/1 minute entry, we believe that briefing should be postponed until the resolution of the sanctions issue. Otherwise, we will be forced to increase our sanctions demand to reflect the amount of time necessary to complete briefing in response to plaintiffs' complaint and preliminary-injunction motion, as well as any other case-related tasks. We similarly oppose consolidating a preliminary-injunction hearing with a trial on the merits because, if necessary, we will (a) move to dismiss for lack of jurisdiction and on the merits under Rule 12, which, if granted, would foreclose any need for a hearing or trial, (b) depose each individual plaintiff as well as a Coalition representative both on sanctions-related issues and on the merits, (c) conduct discovery both on sanctions-related issues and on the merits, and (d) consider expert witnesses regarding the allegations in this suit. In light of all this, we would agree to the following briefing schedule under protest that briefing should be held in abeyance pending resolution of the sanctions issue:

- October 19 (original date set by Magistrate Judge Ayo): If necessary, defendant files motion to dismiss and opposition to preliminary injunction motion. (And if necessary, a reply to plaintiffs' putative October 12 opposition to a September 28 sanctions motion. *See* Local R. 7.4.)
- November 16: If necessary, plaintiffs file reply/response.
- December 7: If necessary, defendant files reply.

If plaintiffs disagree with that approach, then, to explain our position to the Court, we will need to disclose that a sanctions motion has been served and a curative period is running.

Last, please advise all four plaintiffs that they are requested to preserve and not alter any evidence relating to this case, including but not limited to: (a) all communications—in any form, including email and text—between any representative or agent of the Coalition and the individual plaintiffs regarding this suit or the possibility of filing this suit during the past

five years; (b) all communications—in any form, including email and text—between all counsel for all plaintiffs and all plaintiffs and their agents regarding this suit or the possibility of filing this suit during the past five years; and (c) all communications—in any form, including email and text—between any representative or agent of the Coalition and any past or current member of the Coalition regarding this suit or the possibility of filing this suit during the past five years. The negligent or intentional destruction of any such evidence will require us to seek additional sanctions.

Thanks,
Zack

**Zachary Faircloth**
Principal Deputy Solicitor General
Office of Attorney General Liz Murrill
Tel: (225) 421-4088
fairclothz@ag.louisiana.gov
www.AGLizMurrill.com

---

**From:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Sent:** Friday, September 4, 2026 2:09 PM
**To:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>; Faircloth, Zachary <FairclothZ@ag.louisiana.gov>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>; Jamie McWilliam <Jamie@benbrooklawgroup.com>
**Subject:** Re: Pool v. Hodges

Ben/Zack,

Given the tight deadline in the Court's minute order—the joint filing is due Tuesday—please let us know when you have time for a call to discuss scheduling in this case. We are available this afternoon and on Monday.

Sincerely,

Steve
**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com

---

**From:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>

**Date:** Thursday, August 20, 2026 at 9:07 AM
**To:** Steve Duvernay <Steve@benbrooklawgroup.com>; Faircloth, Zachary <FairclothZ@ag.louisiana.gov>
**Cc:** Jamie McWilliam <Jamie@benbrooklawgroup.com>
**Subject:** RE: Pool v. Hodges

Steve, thanks for your email. We're struggling to see how this is a justiciable controversy, much less one warranting a preliminary injunction. We'll have to see your motion before determining what response is warranted. Accordingly, please just mark us down as opposed for now. Thanks.

Ben

**J. Benjamin Aguiñaga**
Solicitor General
Office of Attorney General Liz Murrill
Tel: (225) 506-3746
aguinagab@ag.louisiana.gov
www.AGLizMurrill.com

---

**From:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Sent:** Wednesday, August 19, 2026 3:34 PM
**To:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>; Faircloth, Zachary <FairclothZ@ag.louisiana.gov>
**Cc:** Jamie McWilliam <Jamie@benbrooklawgroup.com>
**Subject:** Re: Pool v. Hodges

Ben & Zack,

Plaintiffs intend to file a motion for a preliminary injunction to enjoin Louisiana's ban on 18-20-year-old adults obtaining a concealed handgun permit. La. R.S. § 40:1379.3(C)(4), because it is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution.

Pursuant to LR 7.4.1, please let me know when you are available to confer as to whether the issues can be resolved without court intervention. We plan to file early next week, so we'd appreciate the opportunity to discuss tomorrow or Friday.

Sincerely,

Steve
**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900

steve@benbrooklawgroup.com

**From:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Date:** Wednesday, August 12, 2026 at 12:26 PM
**To:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>; Faircloth, Zachary <FairclothZ@ag.louisiana.gov>
**Subject:** Re: Pool v. Hodges

Ben,

Thanks for your time Monday. To tie up a few open procedural points:

Plaintiffs will not consent to the extension unless the State agrees to suspend enforcement of the 18-20-year-old carry license prohibition and issue permits in the interim. Because Plaintiffs are suffering an ongoing irreparable constitutional injury, we cannot agree to delay the case while that injury continues.

As to 18 U.S.C. § 922(q): We disagree with Louisiana's assessment. The complaint does not challenge or call into question the constitutionality of Section 922(q), so no action is required under FRCP 5.1.

Sincerely,

Steve
**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com

**From:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
**Date:** Wednesday, August 12, 2026 at 10:55 AM
**To:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>; Faircloth, Zachary <FairclothZ@ag.louisiana.gov>
**Subject:** Re: Pool v. Hodges

Steve—just checking in again. Thanks.

Ben

---

**From:** Aguinaga, Ben
**Sent:** Monday, 10 August 2026 17:21:15
**To:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>; Faircloth, Zachary <FairclothZ@ag.louisiana.gov>

**Subject:** RE: Pool v. Hodges

Steve, thanks for talking earlier. I neglected to mention one additional issue that may factor into your thinking: We read the complaint to call into question the constitutionality of 18 U.S.C. 922(q) insofar as it threatens prosecution based on an individual's failure to possess the requisite state license. Accordingly, we think FRCP 5.1 requires service of this complaint on the U.S. Attorney General. Please let me know if you all intend to complete service. If not, we will plan to notify the district court of its certification obligation under FRCP 5.1(b) when we seek an extension of time. Many thanks.

Ben

**J. Benjamin Aguiñaga**
Solicitor General
Office of Attorney General Liz Murrill
Tel: (225) 506-3746
aguinagab@ag.louisiana.gov
www.AGLizMurrill.com

---

**From:** Aguinaga, Ben
**Sent:** Monday, August 10, 2026 2:30 PM
**To:** 'Steve Duvernay' <Steve@benbrooklawgroup.com>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>; Faircloth, Zachary <FairclothZ@ag.louisiana.gov>
**Subject:** RE: Pool v. Hodges

Yup just fine, thanks.

**J. Benjamin Aguiñaga**
Solicitor General
Office of Attorney General Liz Murrill
Tel: (225) 506-3746
aguinagab@ag.louisiana.gov
www.AGLizMurrill.com

---

**From:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Sent:** Monday, August 10, 2026 1:42 PM
**To:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>; Faircloth, Zachary <FairclothZ@ag.louisiana.gov>
**Subject:** Re: Pool v. Hodges

Ben,

If it works for you, I'll give you a call around 3:00 Louisiana time. I'll text before as you suggest.

Sincerely,

Steve
**Stephen M. Duvernay**
Benbrook Law Group, PC
701 University Ave., Suite 106
Sacramento, CA 95825
(916) 447-4900

On Aug 10, 2026, at 6:38 AM, Aguinaga, Ben <AguinagaJ@ag.louisiana.gov> wrote:

Brad/Steve, apologies for my delay in getting back to you. I had a big CA5 argument last week that stalled the rest of my to-do list. If you have time this afternoon, I'd appreciate the chance to follow up; you can reach me on my work cell below. If you can give me a couple minutes head's up, I can make sure I'm expecting the call—many thanks.

Ben

<image001.png>

**J. Benjamin Aguiñaga**
Solicitor General
Office of Attorney General Liz Murrill
Tel: (225) 506-3746
aguinagab@ag.louisiana.gov
www.AGLizMurrill.com

---

**From:** Bradley Benbrook <brad@benbrooklawgroup.com>
**Sent:** Thursday, August 6, 2026 5:07 PM
**To:** Aguinaga, Ben <AguinagaJ@ag.louisiana.gov>
**Cc:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Subject:** Pool v. Hodges

Ben: I am following up on my call from Tuesday to discuss logistics on this case. I had understood from your email to Steve that you wanted to confer. Please call Steve by tomorrow. Thank you.

**Bradley A. Benbrook**
Benbrook Law Group, PC

701 University Ave., Suite 106
Sacramento, CA 95825
(916) 447-4900

**Disclaimer**

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**Disclaimer**

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**Disclaimer**

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**Disclaimer**

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.