UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

**Ella Pool**; **Christian Mcduffie**; **Charles Matthews**; and **Firearms Policy Coalition Inc.**,

Plaintiffs,

v.

**Colonel Frank J. Besson**,[1] in his official capacity as Superintendent of the Louisiana State Police,

Defendant.

Case No. 6:26-cv-02650-DCJ-DJA

## DECLARATION OF JONATHAN F. MITCHELL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S RULE 11 MOTION

1. My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. After graduating from law school, I clerked for Judge J. Michael Luttig of the U.S. Court of Appeals for the Fourth Circuit and for Justice Antonin Scalia of the Supreme Court of the United States. I then served as an Attorney-Adviser in the Office of Legal Counsel of the United States Department of Justice from 2003 through 2006. I have also served as a Visiting Assistant Professor at the University of Chicago Law School, an Assistant Professor of Law at the George Mason University School of Law, the Searle Visiting Professor of Law at the University of Texas School of Law, a

1. Defendant Colonel Frank J. Besson was substituted for Colonel Robert Hodges in accordance with Fed. R. Civ. P. 25(d).

Visiting Professor of Law at Stanford Law School, and a Visiting Fellow at the Hoover Institution. I served as the Solicitor General of Texas from 2010 to 2015.

4. I have published numerous works of scholarship in major law journals. My academic writing has been cited by several Supreme Court justices and by more than 100 federal-court decisions.

5. I currently serve a principal at Mitchell Law PLLC, where I routinely practice in the United States District Courts throughout the Fifth Circuit. I litigate public-policy matters in federal trial and appellate courts throughout the nation, including in the Supreme Court of the United States, where I have argued eight cases.

6. I have reviewed the complaints in the *Mate* and *Pool* cases, as well as the motion for Rule 11 sanctions filed by Defendant in the *Pool* case. The contention that the plaintiffs' counsel should be sanctioned for filing and maintaining the *Pool* case is untenable. It is not objectively unreasonable for the plaintiffs' counsel to assert constitutional challenges to separate statutory claims affecting different groups in separate lawsuits. The Supreme Court's decision in *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582 (2016), specifically holds that litigants who sue to enjoin enforcement of a discrete statutory provision are not precluded from filing a subsequent lawsuit that challenges a separate but closely related statutory requirement. *See id*. at 604–05.

7. I am very familiar with *Hellerstedt* because, as Solicitor General of Texas, I litigated that case through the Fifth Circuit, which held that the plaintiffs' challenge to Texas H.B. 2's surgical-center provision and admitting-privileges requirement *were* precluded by an earlier suit. *See Whole Woman's Health v. Cole*, 790 F.3d 563, 581–83 (5th Cir. 2015). But the Supreme Court reversed our win on the claim-preclusion issue and held that the plaintiffs in that case could bring a second and successive lawsuit challenging a separate statutory provision of H.B.2.

8. I am also familiar with the work of Benbrook Law Group and its attorneys. I have known and worked with Brad Benbrook for almost ten years. During that

period, we have worked together on several civil-rights cases around the country. For example, in *Great Northern Resources, Inc. v. Coba*, No. 3:20-cv-1866 (D. Or.), we litigated as co-counsel a successful class action challenging the constitutionality of a racially exclusionary $62 million Covid grant fund established by the State of Oregon. Benbrook Law Group also served as co-counsel with my law firm in *Blessed Cajuns LLC v. Guzman*, No. 4:21-cv-677 (N.D. Tex.), a class action challenging the Small Business Association's policy of prioritizing COVID-relief awards to businesses owned by women and racial minorities. I have also retained Benbrook Law Group to serve as local counsel in several cases in federal district courts throughout California seeking to recover agency fees and compulsory union dues on behalf of public employees in the wake of *Janus v. State, County, and Municipal Employees*, 585 U.S. 878 (2018).

9. In addition, I co-authored a Supreme Court *amicus* brief with Benbrook Law Group on behalf of Senator Ted Cruz and ten other members of the United States Senate in *Brnovich v. Democratic National Committee*, 594 U.S. 647 (2021). The Court cited our brief in its opinion. *Id.* at 660 n.6. Mr. Benbrook did the vast majority of the work on that amicus, yet he generously allowed me to appear with him as co-counsel on the brief despite my limited role, and he deserves nearly all of the credit for the influence of that amicus on the Court's decision.

10. At every moment during our extended work together, I have observed that the lawyers at Benbrook Law Group are exceedingly skilled and careful litigators who produce outstanding work product. They are lawyers of integrity who would never even think about abusing the judicial process by submitting a frivolous or unreasonable court filing. The Court is fortunate to have lawyers of their abilities and character litigating this important case, and I would not be working them in my other cases if I did not have the utmost confidence in their judgment, candor, and forthrightness.

This opinion is not mine alone, and I can attest though my knowledge and connections with other lawyers that Benbrook Law Group has an excellent national reputation as a boutique public policy firm.

11. I am beyond disappointed that the Louisiana Attorney General's office has decided to file a Rule 11 motion in response to an eminently reasonable (and in my view correct) interpretation of federal claim-preclusion doctrine. I have great respect for the Louisiana Attorney General and her staff, and I cannot purport to know the motivations of the attorneys who decided to pursue Rule 11 sanctions against the Benbrook Law Group for filing the complaint in *Pool*. But lawyers are supposed to vigorously advocate for the interests of their clients and pursue every reasonable argument that can be made in support of their clients' position. Rule 11 is not to be used as a cudgel to deter or punish opposing lawyers for vigorous advocacy, and I fear that the mere filing of this unwarranted sanctions motion will have that effect. I urge the Court to deny the motion and make clear that this is not how Rule 11 is supposed to be used.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Jonathan F. Mitchell

Dated: October 18, 2026 JONATHAN F. MITCHELL