**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

ELLA POOL; CHRISTIAN McDUFFIE; CHARLES MATTHEWS; and FIREARMS POLICY COALITION, INC.,

Plaintiffs,

v.

COLONEL FRANK J. BESSON[1], in his official capacity as Superintendent of the Louisiana State Police,

Defendant.

Civil Action No.: 6:26-cv-02650-DCJ-DJA

**DECLARATION OF JAMES M. WAGSTAFFE IN SUPPORT OF**

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S RULE 11 MOTION**

[1] Defendant Colonel Frank J. Besson was substituted for Colonel Robert Hodges in accordance with Fed. R. Civ. P. 25(d).

I, James M. Wagstaffe, declare:

1. I am over 18 years old. I am competent to give this declaration. I have personal knowledge of the matters set forth below and would be able to testify to them if called as a witness.

2. In 1977, I received my A.B. degree with distinction from Stanford University. In 1980, I received my J.D. degree from University of California College of the Law, San Francisco (formerly known as Hastings College of the Law). I am partner in the firm of Adamski, Moroski, Madden, Cumberland & Green LLP.

3. I am the author or co-author of several legal publications. In 2016, I formed the Wagstaffe Group, which publishes The Wagstaffe Group Practice Guide: Federal Civil Procedure Before Trial (LexisNexis 2024), a three-volume work on all aspects of federal procedure. Chapter 49 of this practice guide is devoted exclusively to Rule 11 sanctions. I am also the co-author of The Wagstaffe Group Practice Guide: California Civil Procedure Before Trial (LexisNexis 2024), a multi-volume work on all aspects of California civil procedure. Until 2020, I was the principal author of the Rutter Group's Federal Practice Guide for almost thirty years, which I co-authored with Judge William W Schwarzer (of the United States District Court for the Northern District of California) and Judge A. Wallace Tashima (of the United States Court of Appeals for the Ninth Circuit). This practice guide included extensive coverage of Rule 11 sanctions and claim preclusion.

4. Since the early 1990s, I have taught both federal and California civil procedure at the UC Law, San Francisco. In these courses, I cover both Rule 11 and California's state analogue to Rule 11. I have taught claim and issue preclusion in these courses every year for more than 30 years.

5. I also teach every year at the Federal Judicial Center, which is the educational body for federal judges. I have taught at the orientation for new judges in Washington, D.C., every year since 1990. My instruction at this orientation covers a range of civil procedure topics, including subject-matter jurisdiction and Rule 11 sanctions. I also teach at the Federal Judicial Center's biannual "Mega Programs" to which all federal judges are invited. I have received the Judge John

R. Brown Award for Judicial Scholarship and Education as the best teacher in the Nation of federal judges.

6. In addition to teaching for the Federal Judicial Center, I was appointed for two four-year terms to be chair of the Federal Judicial Center Foundation board by Chief Justice John Roberts.

7. I also routinely present at forums, conferences, and webinars for lawyers and judges on a variety of issues, including civil procedure and ethical issues.

8. In addition to teaching, I have over 40 years of experience representing plaintiffs and defendants in difficult and complex cases. In my practice, I have litigated claim and issue preclusion issues in my practice in at least a dozen cases.

9. I have also represented that California State Bar on a variety of matters, including lawyer discipline, since 1989. In 2017, I was named California Lawyer Attorney of the Year for my successful representation of the State Bar in a high-profile trial involving privacy claims. I also represent lawyers and law firms in a variety of disputes, including claims of ethical breaches.

10. My career, both in private practice and in teaching, has embraced evaluating the merits of cases and teaching the ethical responsibilities of lawyers. One focus of my teaching is training lawyers and judges on how to make ethical decisions and avoid disputes over alleged ethical breaches.

11. I have reviewed the complaints in the two matters at issue here (*Mate* and *Pool*), as well as the State of Louisiana's motion for Rule 11 sanctions. Nothing in my training, my practice, or my nearly 40 years of teaching law students, federal judges, and lawyers would suggest that bringing two separate cases challenging two different statutory requirements would possibly raise a Rule 11 issue for the plaintiffs' counsel here. To the contrary, my teaching includes the Supreme Court's decision in *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582 (2016), which recognized that successive challenges to separate statutes, even if enacted in the same law, do not constitute the "same claim" such that the second case is claim precluded. I plan to use this case in my law school class as a further example of how two suits under separate statutes for separately regulated

groups are not the "same claim" for claim-preclusion purposes.

12. In teaching Rule 11, I emphasize to law students, lawyers and federal judges that the standards are not designed to quell zealous advocacy or discourage objectively legitimate arguments for modifying existing law—but to be clear, no modification of existing law needs to be sought here. I also emphasize when teaching new federal judges that Rule 11 is not designed to be a fee-shifting statute; by its very terms, fees are available only "if warranted for effective deterrence," and the rule contemplates a variety of sanctions short of financial sanctions.

13. Under prior versions of Rule 11, litigants would include requests for sanctions in their motions and oppositions on the merits. To avoid this use of Rule 11 as a litigation battering ram, the rule was amended to require motions for sanctions to be made separately. The safe harbor period is also designed to avoid the use of Rule 11 sanctions as a litigation tactic.

14. Despite these goals of Rule 11, the State's motion for sanctions is so far removed from a proper application of either claim preclusion or Rule 11 that it appears to be a tactical threat.

15. Courts considering Rule 11 sanction motion may also consider the reputation of the lawyer or firm. I have known Brad Benbrook for more than 20 years. I worked closely with him as an expert on one of his cases in the 2011-2012 time frame. In my observation of him at that time and since, he is an accomplished and careful lawyer. His firm has an outstanding reputation for professionalism in California.

I declare under penalty of perjury under the laws of the United States America and State of Louisiana that the foregoing is true and correct.

Executed on October 15, 2026.

James M. Wagstaffe
James M. Wagstaffe